**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:17-cv-00347-MR**

| | | |
|---|---|---|
| **CLARENCE HENDRIX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney

Fees under §406(b) of the Social Security Act [Doc. 18], as supplemented

[Doc. 22].

I.    **PROCEDURAL BACKGROUND**

On December 22, 2017, the Plaintiff initiated this action seeking judicial

review of the Commissioner's decision to deny his application for benefits

under the Social Security Act.  [Doc. 1].  On March 22, 2019, this Court

reversed the Commissioner's decision denying the Plaintiff's application for

benefits and remanded the case to the Appeals Council for further

administrative action.  [Docs. 16, 17].

On March 4, 2018, the Commissioner issued a Notice of Award awarding past due benefits in the amount of $29,960.46 to the Plaintiff. [Doc. 19-3]. The Commissioner advised the Plaintiff by a separate letter that part of the Plaintiff's back benefits was being withheld to pay any award of attorney's fees. [Doc. 22-1]. The Plaintiff and his attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits. [Doc. 19-2].

The Plaintiff's counsel now seeks an award of $6,750.00 in fees pursuant to 42 U.S.C. § 406(b)(1). [See Doc. 22]. The Defendant takes no position on the Plaintiff's fee request. [Doc. 21].

## II.    DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, a claimant may seek a fee award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. §

2412(d)(1)(A).[1]  Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

Here, the Plaintiff and his counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past due benefits awarded to his counsel.  As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel.  As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and that the contingency fee

---

[1] The Plaintiff did not seek an award of EAJA fees here.

agreement executed by the Plaintiff and his counsel is reasonable. Accordingly, the Plaintiff's Motion for Attorney Fees is granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees [Doc. 18], as supplemented [Doc. 22] is hereby **GRANTED**, and an award of attorney's fees in the amount of Six Thousand Seven Hundred Fifty Dollars ($6,7500.00) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.** Signed: February 28, 2020

Martin Reidinger
United States District Judge